IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60511

Summary Calendar
_____

GEORGE R. ROGERS,

                                    Plaintiff-Appellant,

versus

JESSIE HOPKINS; MARY RUSHING,

                                    Defendants-Appellees.



_____

Appeal from the United States District Court
For the Southern District of Mississippi
(3:96-CV-316BN)
_____

July 1, 1998

Before HIGGINBOTHAM, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    George R. Rogers, now a Texas prisoner, appeals the district court's order granting summary judgment to the defendants in his civil rights action, filed pursuant to 42 U.S.C. § 1983. Rogers alleged that the defendants had subjected him to unconstitutional condition of confinement during his incarceration at the Madison County Detention Center ("MCDC"), by placing him in a solitary-confinement cell after he had escaped from MCDC and had been

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recaptured and by placing various restrictions on his prison privileges. Allegedly, the defendants denied him out-of-cell exercise, prevented him from attending religious services with the general population, forced him to war only boxer shorts and T-shirts, and denied him access to MCDC's law library.

Rogers devotes substantial space in his appellate brief to the proposition that the district court erred in assessing his claims under the standard of a pretrial detainee rather than a convicted prisoner. Cf. Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). We find Rogers' claims to be meritless, regardless of the standard employed to evaluate them.

Rogers asserts that his confinement to his cell without outside exercise opportunities violated his constitutional rights. The magistrate judge did not err in determining that no genuine issue of material fact existed as to Rogers' claim regarding out-of-cell exercise, as Rogers failed to show that he suffered any health hazard as a result. See, e.g., Fed. R. Civ. P. 56; Ruiz v. Estelle, 679 F.2d 1115, 1152 (5th Cir. 1982). Rogers's status as a pretrial detainee or convicted prisoner is irrelevant to this determination.

As to Rogers' First Amendment religious freedom claim, we find it to be frivolous. Rogers has never even attempted to articulate his religious belief, nor has he indicated that they are sincere. Cf. Pedraza v. Meyer, 919 F.2d 317, 320 (5th Cir. 1990). We dismiss this claim as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).

2

As to Rogers' claims about his prison dress and law library access, he has abandoned them by not raising them until his reply brief. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994). Regardless, those claims are without merit, for the prison acted reasonably in placing such restrictions on Rogers, given his prior record of behavior.

Lastly, Rogers claims that his due process rights were violated when he was placed in solitary confinement without a hearing. Rogers was so placed because he was considered dangerous, as indicated by his prior escape and attempt on the life of a law enforcement officer. Only under extraordinary circumstances, which Rogers has not demonstrated, will administrative segregation rise to the level of a constitutional deprivation. See Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996).

Rogers' "Motion to Amend the Appellate Record on Appeal" is DENIED.

AFFIRMED; MOTION DENIED.